IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DESUANCA JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-449-N-BN |
| | § | |
| JP MORGAN CHASE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* employment-discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. For the reasons stated below, the undersigned recommends that the Court transfer this action *sua sponte* to the Fort Worth Division of this district.

**Applicable Background, Legal Standards, and Analysis**

Plaintiff Desuanca Jefferson, who resides at an address in Arlington, Texas, alleges – in a charge of discrimination (attached to her complaint) through which she alleges claims under Title VII of the Civil Rights Act of 1964, *see* Dkt. No. 3 at 5 – that she "advised management of the inequitable work assignment practices by Cornelius Appleberry": that he "favored similarly situated male co-workers," *id*. at 4. She further alleges that her "employment was terminated by Cornelius Appleberry." *Id*. And the right-to-sue letter issued to Jefferson also was mailed to Appleberry at a J.P. Morgan

Chase address in Fort Worth, Texas. *See id.* at 2.

"Title VII contains a specific venue provision that displaces the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *accord Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

> Section 2000e-5(f)(3) provides that
>
> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*; *see also Dabney*, 2015 WL 4210988, at *2 ("As such, a given district is a proper venue for a Title VII ... claim if the claim satisfies any one of three elements. First, venue is proper in any judicial district in the State where the alleged discrimination

took place. Second, venue is proper in the district where relevant records are maintained and administered. Third, venue is proper in the district where the aggrieved person would have worked but for the alleged unlawful employment practice. Additionally, if the defendant is not found within any of the above-mentioned districts, venue is proper in the judicial district in which the defendant has its principal office." (citations and footnote omitted)).

"[A] federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to 'any district or division in which it could have been brought' if the court finds that it is 'in the interest of justice' to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)); *cf. Horseshoe*, 337 F.3d at 433 ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

Jefferson's claims plausibly arise out of alleged wrongful employment practices occurring in Fort Worth, Texas, located in Tarrant County, Texas, which lies within the Ft. Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2). The interest of justice therefore favors the transfer of this action to the Fort Worth Division of this district.

## Recommendation

The Court should transfer this action *sua sponte* to the Fort Worth Division of this district.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE